
RECEIVED
FEB 27 2017
BY MAIL

FILED
FEB 27 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

LYDELL MOORE #528127,  )
 )
PLAINTIFF,  )
 )
 )
 )
_____  )
(Enter above the full name of the  )
Plaintiff(s) in this action. Include prison  )
registration number(s).)  )
 )
 )
v.  )
 )
DETECTIVE: DONALD STEPP #185,  )
 )
DETECTIVE: JORDAN EXUM #462,  )
 )
PROSECUTOR: TANYA S. MUHM,  )
 )
DEFENDANTS.  )
 )
 )
_____  )
(Enter above the full name of ALL Defend-  )
ant(s) in this action. Fed. R. Civ. P. 10(a)  )
requires that the caption of the complaint  )
include the names of all the parties. Merely  )
listing one party and "et al." is insufficient.  )
Please attach additional sheets if necessary.  )

**4:17CV804 AGF**

Case No. _____
(To be assigned by Clerk)

JURY TRIAL DEMANDED

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

I. PLACE OF PRESENT CONFINEMENT:

   Potosi Correctional Center, 11593 State Highway O,
   Mineral Point, Missouri 63660

II. PREVIOUS CIVIL ACTIONS:

   A. Have you brought any other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

      YES [ ]          NO [X]

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action: MOORE HAS NOT FILED A PREVIOUS LAWSUIT

   Plaintiff(s): SEE PAGES 1 - 14 HERETO

   Defendant(s): _____

2. Court where filed: N/A

3. Docket or case number: N/A

4. Name of Judge: N/A

5. Basic claim made: N/A

   SAME AS ABOVE

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

   SAME AS ABOVE

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

   YES [X]     NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

   YES [X]     NO [ ]

-2-

C. If your answer to "B" is YES, what steps did you take: EXHAUSTED ALL GRIEVANCE REMEDIES

D. If your answer to "B" is NO, explain why you have not used the grievance system: N/A

IV. PARTIES TO THIS ACTION:

A. Plaintiff(s)

1. Name of Plaintiff: SEE ATTACHED HERETO

2. Plaintiff's address: ____

3. Registration number: ____

4. Additional Plaintiff(s) and address(es): ____

   SEE ATTACHMENT HERETO

B. Defendant(s)

1. Name of Defendant: SEE ATTACHMENTS

2. Defendant's address: SAME AS ABOVE

3. Defendant's employer and job title: SAME AS ABOVE

4. Additional Defendant(s) and address(es): SAME AS ABOVE

V. COUNSEL

    A. Do you have an attorney to represent you in this action?

        YES [ ]         NO [x]

    B. If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

        YES [x]         NO [ ]

    C. If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

    MATT FRY, 120 S. Central Ave. #130, St. Louis, MO 63105

    Mike Fagras, 5770 Mexico Rd. Suite A, St. Peters, MO 63376

    D. If your answer to "B" is NO, explain why you have not made such efforts:

    N/A

    N/A

    E. Have you previously been represented by counsel in a civil action in this Court?

        YES [ ]         NO [x]

    F. If your answer to "E" is YES, state the attorney's name and address:

    N/A

    N/A

VI. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs. You may use additional paper if necessary):

SEE ATTACHMENTS

VII. RELIEF

State briefly and exactly what you want the Court to do for you. Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

I WANT TO BE AWARDED COMPENSATORY AND PUNITIVE MONETARY

DAMAGES THAT THE COURT DEEMS FAIR, AND PROPER.

VIII. MONEY DAMAGES:

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES ☒   NO ☐

B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

THAT COMPENSATORY DAMAGES IN THE AMOUNT OF $50,000.00

BE PAID TO MY FAMILY.

THAT PUNITIVE DAMAGES IN THE AMOUNT OF $250,000.00 BE PAID TO ME.

IX. Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

YES ☒   NO [ ]

_Lydell Moor_
Signature of attorney or pro se Plaintiff(s)

2/20/17
Date

RECEIVED
FEB 27 2017
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

FILED
FEB 27 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

LYDELL MOORE, #528127, )
    Plaintiff, )
vs. ) Case No.     4:17CV804 AGF
)
DETECTIVE: DONALD STEPP, #185, )
300 N. 2nd Street )
St. Charles, MO 63301    and, )
DETECTIVE: JORDAN EXUM, #462, )
300 N. 2nd Street )
St. Charles, MO 63301    and, )
PROSECUTOR: TANYA S. MUHM, )
300 N. 2nd Street )
St. Charles, MO 63301 )
)
    Defendants. )

## COMPLAINT

**COMES NOW**, Plaintiff, Lydell Moore #528127, pro se, and for his cause of action against the Defendants, states and alleges as follows:

### PARTIES

1. Plaintiff, Lydell Moore, is a citizen of the United States, who, at all relevant times was a resident of St. Charles County, and out on parole under the supervision of the Missouri Department of Probation and Parole, (for an unrelated offrnse), and who is now incarcerated at the State facility known as the Potosi Correctional Center, 11593 State Highway O, Mineral Point, Missouri 63660, (as the facts surrounding this incarceration for an alleged parole violation arise out of the same facts and circumstances as the claims brought pursuant to 42 U.S.C. § 1983).

2. At all relevant times, Defendant, Donald Stepp, (hereinafter "Defendant Stepp"), was a Detective for the St.-Charles City Police Department, and assigned to the Major Case Squad (hereinafter "M.C.S.").

3. At all relevant times, Defendant Stepp was acting

1

within the course and scope of his said employment.

4. At all relevant times, Defendant Stepp was acting under color of state law.

5. Defendant Stepp is being sued in both his individual and official capacities.

6. At all relevant times, Defendant, Jordan Exum, (hereinafter "Defendant Exum"), was employed by the St.Charles County Police Department in the capacity of a Detective, and assigned to the St. Charles County Regional Drug Task Force, (hereinafter "SCCRDTF").

7. At all relevant times, Defendant Exum was acting within the course and scope of his said employment.

8. At all relevant times, Defendant Exum was acting under color of state law.

9. Defendant Exum is being sued in both his individual and official capacities.

10. At all relevant times, Defendant, Tanya S. Muhm, (hereinafter "Defendant Muhm"), was employed by the St.Charles County Office of the Circuit Attorney, in the capacity of **an** Assistant Prosecutor, and in that capacity was responsible for reviewing criminal complaints and filing formal charges against suspected criminals.

11. At all relevant times, Defendant Muhm was acting within the course and scope of her said employment.

12. At all relevant times, Defendant Muhm was acting under color of state law.

13. Defendant Muhm is being sued in both her individual

2

and official capacities.

## JURISDICTION AND VENUE

14. This Court has jurisdiction of the civil action herein set forth, pursuant to 42 U.S.C. §1983 and 28 U.S.C.-**1331**.

15. Venue is proper in this Court as the events giving rise to the cause of action occurred in St. Charles County, which is located in the Eastern District of Missouri.

16. Plaintiff has properly exhausted all of his required remedies prior to filing this cause of action.

## FACTS COMMON TO ALL COUNTS

17. In 2014, Petitioner Lydell Moore and his fiancee', Ms. Lindsey Rudd, (hereinafter "Ms. Rudd"), shared an apartment together in St. Charles County, Missouri. On August 2, 2014, Daveon Morrison (a close acquaintance of Plaintiff) shot and killed Martell Crump, (a cousin of Plaintiff), at Blanchette Park, in St. Charles, MO, in the presence of hundreds of people , (most of whom are related to Crump).

18. Several hours after Crump was killed by Morrison, approximately one dozen police officers from the St. Charles City Police Department assembled at Plaintiff's apartment, in **search** of Mr. Morrison. Plaintiff allowed the officers to search his apartment, (even though they didn't have warrant). Nevertheless, the officers did not find Mr. Morrison, nor any weapons. Plaintiff answered all the officer's questions, was very cooperative, and was told that homicide detectives would be paying him a visit later that evening, with more questions.

19. Shortly after the police left Plaintiff's apartment detectives from the St. Charles City, M.C.S. showed up at his apartment wearing bullet-proof vests, with their weapons drawn and pointed at Plaintiff and his family (i.e. his mother, his children and Ms. Rudd). They searched Plaintiff's apartment a second time (this time without a warrant nor Plaintiff's consent) and again found nothing connected to Mr. Morrison and nothing of evidentiary use regarding the Crump murder. However, the detectives arrested Plaintiff **without probable cause, and without an arrest warrant,** and he was taken into custody.

20. While in custody, Petitioner was questioned as to the whereabouts of Mr. Morrison and the murder Mr. Morrison was suspected of committing. Petitioner was as cooperative as he could be, whereas he knew very little about Mr. Morrison or the actual murder. Defendant Stepp was conducting this part of the interrogation. Upon completion Defendant Stepp informed Petitioner that someone else had some questions for him. This person turned out to be an unidentified detective from the St. Charles County SCCRDTF, who at all times wore a black mask.

21. As Plaintiff was being interrogated by both men, Defendant Stepp and the "Masked Man", it became evident to the Plaintiff that they were trying to involve him in the murder of Martell Crump, and scare him into providing information he had no knowledge of. The "Masked Man" told Plaintiff that he wanted him to be an informant for Defendant Stepp, as it relates to suspect Morrison and the Crump murder. He told Plaintiff that if he refused to cooperate, that he and members of

4

the SCCRDTF would use one of their drug informants to implicate Plaintiff in 2 or 3 drug transactions, or even worse, Defendant Stepp would find a way to implicate Plaintiff in the Crump murder. This form of harassment intensified throughout the interrogation. After hours of this type of treatment, the Plaintiff got fed up and told the "Masked Man" that he and the members of SCCRDTF could go ahead and charge him with whatever bogus drug transactions they wanted to, because he didn't have any knowledge of Mr. Morrison's location nor any information as to why the murder took place. He further stated to Defendant Stepp that he had no involvement in the murder, would not become his informant, and was prepared to defend himself against any trumped-up, fabricated murder charges brought against him.

22. Plaintiff was held for 24 hours in St. Charles City under a warrant for questioning. However, instead of being released after the 24 hours was up, Defendant Stepp presented a fabrication and had him transferred to St. Charles County Department of Corrections for another 24 hour hold. The guise and/or fabrication was that "somebody else wanted to question Plaintiff." Notwithstanding, Plaintiff was never questioned by anyone while in St. Charles County Department of Corrections. Plaintiff was abruptly released from St. Charles County after his fiancee', Ms. Rudd, called the jail and demanded paperwork as to when, why, and how Plaintiff was being held in custody, whereas she believed Plaintiff was being unlawfully held.

23. Subsequent to his release, Plaintiff found out through court documents that he was, in fact, unlawfully held

in St. Charles County for the above stated additional 24 hours. Plaintiff's mother's house was searched by Defendant Stepp and the M.C.S., under the pretense that they were looking for guns. Nevertheless, they found no guns at his mother's house, (as was the result of the 2 searches they previously conducted on the Plaintiff's apartment. This was just another form of harassing).

24. On August 5, 2014, Plaintiff was arrested again, and charged with Unlawful Use of a Weapon (UUW) even though no weapon was ever found during any of the searches, outlined in the above stated events, or any other time. Furthermore, after Plaintiff was arrested, his fiancee's home was searched for a weapon, to no avail. As part of the ongoing harassment, her car was impounded and searched in an effort to find something linking Plaintiff to any of the above fabricated crimes. Nevertheless, forensics proved that the car was clear of any weapons and/or anything affiliated with the murder being investigated by Defendant Stepp.

25. On August 6, 2014, Plaintiff was interrogated again. This interrogation was conducted by Defendant Stepp and another Detective by the name of Hancock. Defendant Stepp said " I told you that I would find someone to implicate you in a crime if you didn't cooperate with me, didn't I." He and Detective Hancock, then, presented me with a written statement that they had obviously coerced the individual into writing against me. This was obvious, because just the day before, when Plaintiff was arrested, he was presented with the same statement, made by the same person, but the but the first and last name of the accused

as referred to in the statement, was so far from being the Plaintiff's name, it made the Plaintiff began **to** wonder if that person truly existed. Especially since he practically knew all the guys in the neighborhood. However, in this new statement Plaintiff's name appeared, clear and correct, in place of the other name.

26. On August 8, 2014, Plaintiff was transferred to Warren County Jail, (the Federal holdover). Because of this, most of his family was unable to visit with him. As previously stated, Plaintiff was on parole for crimes/convictions unrelated to any herein. However, because of the bogus arrest, constant harassment, and false trumped-up charges, Plaintiff's parole officer revoked his parole on August 9, 2014, and sent him back to the Missouri Department of Corrections to serve the remainder of his sentence for the unrelated crimes/convictions he was on parole for committing.

27. When Plaintiff arrived at the Missouri Department of Corrections Reception Center he was informed that a detainer for the UUW was lodged against him. Plaintiff hired attorney Eric Boehmer to represent him. Prosecuting attorney Tanya S.-Muhm told attorney Boehmer that if Plaintiff did not plead guilty to the UUW charges she would charge him with three counts of **drug possession with the intent to distribute,** based on evidence presented to her by Defendant Exum of the SCCRDTF. Plaintiff refused to **plead** guilty to crimes he didn't commit. Therefore, on March 24, 2015, (while still in prison on the bogus parole violation), the ----------------------------------

fabricated UUW case was dismissed by Prosecuting Attorney Tanya Muhm, due to the only alleged witness not showing up for court.

28. Maliciously, within less than 24 hours after the above stated UUW charge was dismissed, Plaintiff was charged with three seperate counts of **drug possession with the intent to distribute.** However, on June 22, 2015, those charges were also dismissed. They were dismissed because it was discovered that during the times Defendant Exum of the SCCRDTF alleged he was purchasing drugs from Plaintiff through his "Confidential Informants", (C.I.'s), the "Electronic Monitoring System" used to track and monitor Plaintiff through his house arrest ankle bracelet, (provided by B.I. Inc.), proved that Plaintiff was not at the three locations Defendant Exum alleged he was during the said times alleged Defendant Exum's report. Therefore, it was clear that Plaintiff was being framed and/or falsely accused of crimes that he could not have possibly committed. **Once this evidence was revealed Defendant Exum "REFUSED" to take the stand as a witness in the false charges/indictment had against Plaintiff Moore.**

29. Plaintiff thought that would put an end to the madness, once and for all. Unfortunately, that thought was shortly lived. On January 25, 2016, Plaintiff was again questioned by Defendant Stepp and a man Stepp introduced as being from the St. Charles Prosecuting Attorney's Office. They wanted to ask him questions of, Morrison and the Crump murder. Notwithstanding that Mr. Morrison had turned himself in over a year earlier. Plaintiff refused to answer their questions and subsequently,

8

he was charged with 1st degree murder and Conspiracy to commit murder. Again, Plaintiff is being framed, maliciously, by the aforementioned Defendants. In this new frame-up, Defendant Stepp is alleging that Plaintiff had Mr. Morrison to kill victim Crump. However, through Mr. Morrison's own admission, Crump was murdered, (by Mr. Morrison), over some money that he, (Crump), owed Mr. Morrison. This is clear and obvious in light of the fact that Mr. Morrison's charges were dropped from 1st degree murder to 2nd degree murder. This clearly removes the 1st degree element of premeditation and/or conspiracy, of which is needed to support the bogus charges lodged against Plaintiff.

30. On March 31, 2016, Plaintiff was formally charged in St. Charles, Missouri, as it allegedly relates to the Crump murder. Said charges are as follows; Conspiracy to commit 1st degree murder, Accessory to 1st degree murder, Conspiracy to commit Armed Criminal Action, and Accessory to Armed Criminal Action. As was the case regarding the other-bogus aforementioned charges, Plaintiff is confident that he'll be exonerated of the false murder charges. Nevertheless, Plaintiff brings this suit against Defendants for conspiracy regarding the malicious prosecution of him as it relates to the false UUW and drug distribution charges, he was exonerated of.

31. **Plaintiff herein states that his claims allege intentional deprivations of liberty interests, substantive constitutional rights, (i.e. violations of his 4th & 14th Amend.'s), and violations of procedural due process.**

9

## COUNT I-Arrest Without Probable Cause
## Cognizable Under 42 U.S.C. § 1983

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though set forth herein.

33. At all times Plaintiff was cooperative and honest with Defendant Stepp.

34. As described above, Defendant Stepp subjected Plaintiff to cruel and unusual punishment and arrest without probable cause, **all in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.-§1983.**

35. As a direct and proximate cause of the actions of Defendant Stepp, Plaintiff received a loss of currency in the amount of $10,000 paid in attorney fees for defending him against the first 2 bogus charges, and $25,000 paid in **attorney** fees for the latter charges. As well as a loss of freedom and emotional and mental stress and general pain and suffering.

36. Defendant Stepp has no privilege or qualified immunity because he acted without just cause, legal justification, or provocation, and was aware his actions were in violation of clearly established law.

37. Defendant Stepp acted in bad faith with malice and an intent to cause injury, thus entitling Plaintiff to an award of punitive damages in order to deter similar conduct in the future.

38. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Lydell Moore, prays for judgment against Defendant Stepp for compensatory and special damages in an amount the jury finds to be fair and reasonable, for punitive damages in an amount to punish Defendant Stepp and deter Defendant Stepp and others from such conduct in the future, plus Plaintiff's reasonable attorney's fees and costs expended herein, and other such relief as the Court deems fair and appropriate under the circumstances.

39. Plaintiff incorporates by reference paragraphs 1 through 38 as though set forth herein.

40. At all times Plaintiff was cooperative and honest with Defendant Exum.

41. As described above, Defendant Exum subjected Plaintiff to cruel and unusual punishment and arrest without probable cause, **all in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.-§1983.**

42. As a direct and proximate cause of the actions of Defendant Exum, Plaintiff received a loss of currency in the amount of $10,000 paid in attorney fees for defending him against the first 2 bogus charges, and $25,000 **paid** in attorney fees for the latter charges. As well as a loss of freedom and emotional and mental stress and general pain and suffering.

43. Defendant Exum has no privilege or qualified immunity because he acted without just cause, legal justification, or provacation, and was aware his actions were in violation of clearly established law.

11

44. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Lydell Moore, prays for judgment against Defendant Exum for compensatory and special damages in an amount the jury finds to be fair and reasonable, for punitive damages in an amount to punish Defendant Exum and deter Defendant Exum and others from such conduct in the future, plus Plaintiff's reasonable attorney's fees and costs expended herein, and any other such relief as the Court deems fair and appropriate under the circumstances.

## Count II-Malicious Prosecution By Defendant Muhm Cognizable Under 42 U.S.C. §1983

45. Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. Defendant Muhm was the assistant Prosecutor for St. Charles County, was Defendants Stepp and Exum's go-to-person for the prosecution of charges brought against Plaintiff, and she was responsible for examining and inquiring into the alleged charges with care and accuracy to ensure against filing false charges and **initiating malicious prosecution, against Plaintiff.**

47. Despite having this duty, Defendant Muhm failed and/or consciously refused to examine and inquire into the alleged charges brought against Plaintiff.

48. Moreover, Defendant Muhm conspired with Defendant Stepp and Defendant Exum to engage in conduct which constitutes malicious prosecution and false arrest against Plaintiff.

12

49. As a direct and proximate cause of the actions of Defendant Muhm, Plaintiff was falsely charged in a criminal prosecution, received a loss of currency in the amount of $10,000 paid in attorney fees for defending him against the first 2 false/bogus charges, and $25,000 paid in attorney fees for the latter charges. As well as a loss of freedom and emotional and mental stress and general pain and suffering.

50. Defendant Muhm has no privilege or qualified immunity because she acted without just cause, legal justification, and was aware her actions were in violation of clearly established law.

51. Defendant Muhm acted in bad faith with malice and an intent to cause injury, thus entitling Plaintiff to an award of punitive damages in order to deter similar conduct in the future.

52. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Lydell Moore, prays for judgment against Defendant Muhm for compensatory and special damages in an amount the jury finds to be fair and reasonable, for punitive damages in an amount to punish Defendant Muhm and deter Defendant Muhm and others from such conduct in the future, plus Plaintiff's reasonable attorney's fees and costs expended herein, and any other such relief as the Court deems fair and appropriate under the circumstances.

## JURY DEMANDED

Plaintiff, Lydell Moore, hereby requests a trial by jury on all counts of his Complaint.

>Dated this 20th day of February, 2017
>
>Respectfully Submitted,
>
>Lydell Moore, #528127, Plaintiff
>
>*/s/ Lydell Moore*
>Potosi Correctional Center
>11593 State Highway O
>Mineral Point, Missouri 63660