# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LYDELL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00804-AGF |
| | ) | |
| DONALD STEPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Lydell Moore for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $39.41. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss all but Plaintiff's individual capacity claims against Defendants Donald Stepp and Jordan Exum, and will direct the Clerk of Court to issue process upon Stepp and Exum in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted an affidavit and a certified inmate account statement showing an average monthly deposit of $197.07. The Court will therefore assess an initial partial filing fee of $39.41, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not

mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Count I of the complaint alleges false arrest against Defendant Donald Stepp, a detective with the St. Charles City Police Department, and Defendant Jordan Exum, a detective with the St. Charles County Police Department. Count II alleges one count of malicious prosecution against Defendant Tanya Muhm, an assistant prosecutor with the St. Charles County Prosecuting Attorney's Office. All three Defendants are sued in their official and individual capacities.

The complaint contains a long narrative entitled "Facts Common to Both Counts," which is summarized as follows. On August 2, 2014, a "close acquaintance" of Plaintiff's named Daveon Morrison shot and killed Plaintiff's cousin, Martell Crump. ECF No. 1. The murder occurred at a park in St. Charles, Missouri. At the time of the murder, Plaintiff was on parole for crimes unrelated to any described in the complaint. Following the murder, unnamed St. Charles police officers visited Plaintiff's apartment. They questioned Plaintiff, and performed a consensual search of his apartment. After those officers left, unnamed St. Charles City police

detectives appeared, performed a search of Plaintiff's apartment without his consent or a warrant, and arrested Plaintiff without probable cause.

While Plaintiff was in custody, Stepp questioned him about Morrison's whereabouts and about the murder. Stepp then told Plaintiff that someone else had questions for him, and "[t]his person turned out to be an unidentified detective from the St. Charles County SCCRDTF, who at all times wore a black mask." *Id.* at 10. Plaintiff alleges that Stepp and the "Masked Man" were trying to implicate him in Crump's murder, and convince him to become an informant for Stepp. *Id.* Stepp said that if Plaintiff did not cooperate, he would be implicated in "2 or 3 drug transactions, or even worse, Defendant Stepp would find a way to implicate Plaintiff in the Crump murder." *Id.* at 10-11.

Plaintiff was held for 24 hours in St. Charles City but, after the 24 hours elapsed and Plaintiff was due to be released, "Stepp presented a fabrication and had him transferred to St. Charles County Department of Corrections for another 24 hour hold." ECF No. 1 at 11. Plaintiff was then released. On August 5, 2014, Plaintiff "was arrested again, and charged with Unlawful Use of a Weapon (UUW) even though no weapon was ever found during any of the searches." *Id.* at 11. Plaintiff does not name the officer who arrested him.

The following day, Stepp and another detective named Hancock questioned Plaintiff. Stepp and Hancock presented Plaintiff "with a written statement that they had obviously coerced the individual into writing against me." *Id.* Plaintiff was then transferred to Warren County Jail, and his parole was revoked "because of the bogus arrest, constant harassment, and false trumped-up charges," and he was sent to the Missouri Department of Corrections to serve the remainder

of his sentence. *Id.* Upon arrival, he learned he was being charged with unlawful use of a weapon, and he hired an attorney.[1]

Plaintiff alleges that Muhm told his attorney that if he did not plead guilty to the unlawful use of a weapon charge she would charge him with drug possession with the intent to distribute, based upon evidence provided her by Exum. The unlawful use of a weapon charge was dropped on March 24, 2015 when a witness failed to appear in court. Muhm then charged Plaintiff with three counts of drug possession with the intent to distribute, but these charges were dismissed because plaintiff had an alibi. Plaintiff alleges that the fact he had an alibi proves that Exum was intentionally framing him.

On January 25, 2016, Stepp questioned Plaintiff regarding Morrison and the Crump murder, but Plaintiff did not respond. On March 31, 2016 Plaintiff was charged with conspiracy to commit first degree murder, accessory to first degree murder, conspiracy to commit armed criminal action, and accessory to armed criminal action. Plaintiff states that the charges are a result of being framed by Stepp, and argues that Morrison is solely responsible for Crump's murder.

As of the date of this Memorandum and Order, those charges against Plaintiff are still pending in Missouri state court. *State of Mo. v. Moore*, Case No. 1611-CR01416-01. However, Plaintiff states that he "brings this suit against defendants for conspiracy regarding the malicious prosecution of him as it relates to the false UUW and drug distribution charges, he was exonerated of." ECF No. 1 at 15. He seeks only monetary damages.

---

[1] It does not appear that Plaintiff left the custody of the Missouri Department of Corrections after this point.

In Count I, titled "Arrest Without Probable Cause Cognizable Under 42 U.S.C. § 1983," Plaintiff alleges that he was cooperative and honest with Stepp, but that Stepp subjected him to "cruel and unusual punishment and arrest without probable cause" "in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983." *Id.* at 16. Plaintiff alleges that, as a direct and proximate cause of Stepp's actions, he "received a loss of currency in the amount of $10,000 paid in attorney fees for defending him against the first 2 bogus charges, and $25,000 paid in attorney fees for the latter charges" and "a loss of freedom and emotional and mental stress and general pain and suffering." *Id.* Plaintiff also alleges that "Exum subjected plaintiff to cruel and unusual punishment and arrest without probable cause, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983." *Id.* at 17. As with his claim against Stepp, Plaintiff alleges that Exum's actions caused him to lose $10,000 in attorney's fees in defense of the "2 bogus charges" and $25,000 in attorney's fees "for the latter charges," as well as a loss of freedom, emotional and mental stress, and general pain and suffering. *Id.*

In Count II, titled "Malicious Prosecution by Defendant Muhm Cognizable Under 42 U.S.C. § 1983," Plaintiff alleges that Muhm was "Stepp and Exum's go-to person for the prosecution of charges" brought against him. *Id.* at 18. Plaintiff alleges that Muhm conspired with Stepp and Exum to "engage in conduct which constitutes malicious prosecution and false arrest against" him. *Id.* Plaintiff alleges that Muhm's actions caused him to lose $10,000 in attorney's fees in defense of the "2 bogus charges" and $25,000 in attorney's fees "for the latter charges," as well as a loss of freedom, emotional and mental stress, and general pain and suffering. *Id.* at 19.

## Discussion

### Count I -- Defendants Stepp and Exum

Plaintiff's official capacity claims against Stepp and Exum are legally frivolous and will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the St. Charles Police Department. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if Plaintiff had named a proper party defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978).

The Court concludes that Plaintiff's allegations against Stepp survive initial review, and the Clerk of Court will be directed to serve process upon Stepp in his individual capacity. Plaintiff's individual capacity claims against Exum are less direct. Construed liberally, however, paragraphs 27, 28, 41, and 43 of the complaint can be read to allege that Exum reported to a Missouri prosecuting attorney that he (Exum) had purchased drugs from Plaintiff through Exum's confidential source, a fact Exum knew to be untrue, and that Exum's actions subjected Plaintiff to cruel and unusual punishment and arrest without probable cause. As such, the Clerk of Court will also be directed to serve process upon Exum in his individual capacity.

### Count II -- Defendant Muhm

The complaint is legally frivolous as to Muhm, a prosecutor. Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in

presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (when a prosecutor is acting as an advocate for the state in a criminal prosecution, she is entitled to absolute immunity"). Here, plaintiff's allegations against Muhm focus entirely on acts she took in the performance of her prosecutorial function. She is therefore absolutely immune from suit.

Plaintiff also alleges that Muhm acted in furtherance of a conspiracy with Stepp and Exum. This does not defeat her absolute immunity. A prosecutor is absolutely immune from a conspiracy charge when, as here, her alleged participation in the conspiracy consists of otherwise immune acts. *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Plaintiff suggests that Muhm is not immune because she was out to get him, and acted in a vindictive and malicious manner. However, allegations of improper motive in the performance of prosecutorial functions will not defeat immunity. *Id.* (even if a prosecutor knowingly presents false, misleading or perjured testimony, or withholds or suppresses exculpatory evidence, she is absolutely immune from suit); *see also Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity, and it is better to leave wrongs committed by dishonest officers unredressed than to subject the honest to the constant dread of retaliation). For the foregoing reasons, plaintiff's claims against Muhm will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $39.41 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Donald Stepp and Jordan Exum in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against Donald Stepp and Jordan Exum are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Tanya S. Muhm are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of September, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE