**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

LYDELL MOORE,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Cause No.⠀⠀⠀4:17-cv-00804-AGF
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
DONALD STEPP, et al.⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀)

**DEFENDANT DONALD STEPP'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Donald Stepp, by and through undersigned counsel, and for his Answer to Plaintiff's Complaint, states as follows:

1.⠀⠀⠀⠀Defendant Stepp is without sufficient information from which to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.⠀⠀⠀⠀Admit.

3.⠀⠀⠀⠀Admit.

4.⠀⠀⠀⠀Admit.

5.⠀⠀⠀⠀Plaintiff's official capacity claims were dismissed by this Court on September 27, 2017. Defendant Stepp denies any and all claims against him in his individual (or any other) capacity.

6.⠀⠀⠀⠀Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.⠀⠀⠀⠀Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

{S0469955}

8.      Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.      Plaintiff's official capacity claims were dismissed by this Court on September 27, 2017. Further answering, Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.     Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11.     Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12.     Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13.     Plaintiff's official capacity claims were dismissed by this Court on September 27, 2017. Further answering, Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14.     Defendant Stepp admits that plaintiff has made an allegation related to 42 U.S.C. § 1983 and §1331, for which this court would have jurisdiction. Defendant Stepp denies all such claims.

15.     Defendant Stepp admits that St. Charles County is located within the Easter District of Missouri. Defendant Stepp denies the remainder of allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant Stepp is without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.     Defendant Stepp admits that Daveon Morrison confessed to killing Martell Crump. Defendant Stepp is without sufficient information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.     Defendant Stepp admits Plaintiff's apartment was searched with Plaintiff's consent on or about August 2, 2014. Defendant Stepp denies the remainder of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant Stepp admits Plaintiff's apartment was searched with Plaintiff's consent on or about August 2, 2014. Defendant Stepp admits Plaintiff was arrested pursuant to a warrant. Defendant Stepp denies the remainder of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant Stepp admits that he questioned Plaintiff after his arrest and that Plaintiff was questioned by at least one other individual.

21.     Deny.

22.     Defendant Stepp admits Plaintiff was arrested for assault 3rd and held in custody for a period of time. Defendant Stepp denies the remainder of allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant Stepp admits Plaintiff's mother's house was searched pursuant to a warrant. Defendant Stepp is without information to form a belief as to the truth of what Plaintiff "found out" and therefore denies the same. Defendant Stepp denies each and every allegation contained in Paragraph 23 which was not specifically admitted herein.

{S0469955}

24.     Defendant Stepp admits that on or about August 5, 2014, Plaintiff was arrested. Defendant Stepp further admits that various legal searches were conducted. Defendant Stepp denies the remainder of the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.     Defendant Stepp admits that Plaintiff was questioned. Defendant Stepp denies the remainder of the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.     Defendant Stepp admits that Plaintiff was on parole at the time of his subsequent crimes and arrests. Under information and belief, Plaintiff's parole officer did revoke Plaintiff's parole at some point. Defendant Stepp denies each and every allegation contained in Paragraph 26 which was not specifically admitted herein.

27.     Paragraph 27 of Plaintiff's Complain is not directed toward this Defendant so no response is required. To the extent this court deems an answer appropriate, Defendant Stepp is without sufficient information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.     Paragraph 28 of Plaintiff's Complain is not directed toward this Defendant so no response is required. To the extent this court deems an answer appropriate, Defendant Stepp is without sufficient information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.     Defendant Stepp admits that Plaintiff was questioned in January of 2016 in connection with his involvement with the murder of Mr. Crump. Defendant Stepp denies each and every allegation contained in Paragraph 29 which was not specifically admitted herein.

30.     Paragraph 30 of Plaintiff's Complain is not directed toward this Defendant and states legal conclusions requiring no response. To the extent this court deems an answer appropriate, Defendant Stepp denies any conspiracy or "malicious" prosecution, and is without

{S0469955}

sufficient information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.     Deny.

32.     To the extent Plaintiff seeks to incorporate his allegations from paragraphs 1 through 31 of his Petition, Defendant Stepp denies the same and each and every allegations not specifically admitted herein.

33.     Defendant Stepp denies each and every allegation contained within paragraphs 33 through 38 of Plaintiff's Complaint.

Defendant Stepp denies each and every allegation and prayer for relief contained in the first WHEREFORE paragraph of Count I of Plaintiff's Complaint and specifically located between paragraphs 38 and 39.

34.     To the extent Paragraph 39 of Plaintiff's Complaint seeks to incorporate his allegations from paragraphs 1 through 38 of his Petition, Defendant Stepp denies the same and each and every allegations not specifically admitted herein.

35.     Paragraphs 39 through 44 are directed solely toward Defendant Exum, and therefore require no response from Defendant Stepp. Should this court deem an Answer required, Defendant Stepp denies each and every allegation contained therein, and further denies each and every allegation and prayer for relief contained in the second WHEREFORE paragraph of Count I of Plaintiff's Complaint.

36.     To the extent Paragraph 45 of Plaintiff's Complaint seeks to incorporate his allegations from paragraphs 1 through 44 of his Petition, Defendant Stepp denies the same and each and every allegations not specifically admitted herein.

37.     Count II of Plaintiff's Complaint and specifically Paragraphs 45 through 52 was dismissed by this Court on September 27, 2017, and was not directed toward Defendant Stepp and therefore no response is required.

\WHEREFORE, based upon the above and foregoing, Defendant Stepp respectfully prays this Court to enter its Order dismissing him with prejudice, awarding him his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant Stepp and fails to state a claim upon which relief may be granted against him so that the same should be dismissed at Plaintiff's costs.

2.     For other affirmative answer and defense, Defendant Stepp alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature and taken in good faith, and that Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

3.     For other affirmative answer and defense, Defendant Stepp alleges he acted with objective reasonableness under the circumstances then existing, and his conduct was justified and/or privileged.

4.     For other affirmative answer and defense, Defendant Stepp alleges that Plaintiff's damages, if any, were proximately caused by his own conduct and/or the negligence or acts of others who are beyond the control of Defendant Stepp, and whose fault and conduct should be compared.

{S0469955}

5.      For other affirmative answer and defense, Defendant Stepp states that to the extent, if any, that Plaintiff's Complaint attempts to state any cause of action under Missouri state law, Defendant Stepp is protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of R.S.Mo. § 537.600, et seq.

6.      For other affirmative answer and defense, Defendant Stepp states that Plaintiff is not entitled to any punitive damage award against him for any one or more of the following reasons:

(a)     The standards by which Defendant Stepp's conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)     The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendant Stepp of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c)     Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d)     Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

{S0469955}

(e)     Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f)     Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g)     Plaintiff's request for punitive damages cannot protect Defendant Stepp against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h)     An award of punitive damages would violate Defendant Stepp's due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i)     To the extent Defendant Stepp is being sued in his representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against him, and because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.*;

{S0469955}

(j)    To the extent Defendant Stepp is or could be sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

7.    For other affirmative answer and defense, Defendant Stepp states Plaintiff's claims are barred in whole or in part by the applicable statute of limitations in that this lawsuit was not timely filed.

8.    For other affirmative answer and defense, Defendant Stepp states that any and all actions and/or acts committed by him or on his behalf were discretionary in nature, were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, this Defendant is protected from liability by the doctrine of qualified immunity.

9.    For other affirmative answer and defense, Defendant Stepp states the conduct, decisions, actions and/or inaction attributed to him by Plaintiff in the Complaint involved duties owed to the public at large and, therefore, Defendant Stepp is shielded from liability by virtue of Missouri's public duty doctrine.

10.    Defendant Stepp reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to him.

WHEREFORE, based upon the above and foregoing, Defendant Donald Stepp respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a TRIAL BY JURY on all issues and claims.

{S0469955}

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


/s/ Portia C. Kayser
Portia C. Kayser, #63527MO
1010 Market Street, Suite 1650
St. Louis, MO 63101
Telephone: 314-561-3675
Fax: 314-571-6792
pkayser@fisherpatterson.com

and

David S. Baker, #30347MO
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
Telephone: 816-523-4667, Ext. 121
Fax: 816-523-5667
dbaker@fisherpatterson.com

*Attorneys for Defendant Donald Stepp*

{S0469955}

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically with the Court and sent via U.S. Mail, First Class Postage affixed to the following on this 8th day of November, 2017:

Mr. Lydell Moore, #528127
St. Charles County Department of Corrections
301 N. Second Street
St. Charles, MO 63301

/s/ Portia C. Kayser

{S0469955}