UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LYDELL MOORE,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Case No.  4:17-cv-00804-AGF
                                       )
                                       )
DONALD STEPP, et al.,                  )
                                       )
        Defendants.                    )

## MEMORANDUM AND ORDER

This matter, brought under 42 U.S.C. § 1983, is before the Court on the motion of

Defendant Jordan Exum to dismiss pro se Plaintiff Lydell Moore's complaint pursuant to Federal

Rule of Civil Procedure 37(c)(1)(C), 37(d)(3), and 41(b) for failure to comply with the Court's

Orders to provide required discovery materials and appear for his deposition.  For the reasons set

forth below, the motion will be granted.

## BACKGROUND

Plaintiff's claims arise out of his alleged false arrest and malicious prosecution following

the murder of his cousin, Martell Crump.  Plaintiff alleges false arrest against Defendant Donald

Stepp, a detective with the St. Charles City Police Department, and Defendant Jordan Exum, a

detective with the  St. Charles County Police Department.[1]

On December 22, 2017, the Court stayed this action pending the resolution of Plaintiff's

criminal trial.  ECF No. 29.  Plaintiff was subsequently found guilty of murder in the second

---

[1]     In Count II of his complaint, Plaintiff alleges one count of malicious prosecution against
Defendant Tanya Muhm, an assistant prosecutor with the St. Charles County Prosecuting
Attorney's Office.  Plaintiff's claims against Muhm, along with his claims against Defendants
Stepp and Exum in their official capacities were previously dismissed.  ECF No. 7.

degree. ECF No. 32-2. This case remained stayed pending the finality of all state court proceedings in Plaintiff's underlying criminal case until November 20, 2023, when this Court entered an Amended Case Management Order. ECF Nos. 50 and 51. Like the original Case Management Order (ECF No. 15), the Court's Second Amended Case Management Order, required Plaintiff to submit to defendants a list, including addresses, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim. It also required Plaintiff to submit to defendants all documents that Plaintiff believes mention, relate to, or in any way support Plaintiff's claim. ECF No. 55. Upon Plaintiff's request for additional time (ECF No. 53), the Court entered a Second Amended Case Management Order on December 11, 2023. ECF Nos. 54 and 55. Each of the Case Management Orders, including the Second Amended Case Management Order, warned the parties that failure to make required disclosures pursuant to the Order "may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just." ECF No. 55.

On May 28, 2024, Plaintiff filed a motion to extend discovery, asserting that he was unable to timely answer Defendants' questions because he lacked access to a telephone during business hours. ECF No. 56. In response, Defendants argued that this Court should deny Plaintiff's motion because Plaintiff had made no effort to respond to Defendant's discovery requests, which sought information that Plaintiff alone possessed. ECF Nos. 58 and 59. Defendants informed the Court that Plaintiff had also failed to produce his required disclosures by the March 18, 2024, deadline set forth in the Case Management Order. *Id*. Defendant Exum subsequently submitted a golden rule letter to Plaintiff on May 13, 2024, regarding Plaintiff's failure to produce his required disclosures and, two days later, Defendant Exum propounded

First Set of Interrogatories and First Request for Production of Documents.  ECF No. 58.

On July 2, 2024, the Court granted Plaintiff's motion to extend discovery, in part, and ordered Plaintiff to produce his disclosures and respond to Defendant Exum's First Set of Interrogatories and First Request for Production of Documents to the best of his ability.  ECF No. 60.  The Court again warned Plaintiff that failure to comply to the best of his ability "may result in dismissal of this suit for failure to prosecute and failure to comply with Court orders." *Id.*

On July 15, 2024, Plaintiff filed another motion requesting that the Court order the Bureau of Prisons to grant him phone access during business hours to contact individuals relevant to his claims.  ECF No. 61.  Plaintiff did not explain who he needed to contact or why he needed to speak with these individuals in order to respond to the discovery requests or even provide his initial disclosures.  *Id.*  As Defendant noted, much of the relevant information should have been known to Plaintiff.  The following day, Defendant Stepp filed a motion for leave to depose Plaintiff, arguing that Defendants had exhausted all reasonable efforts to obtain relevant and necessary information from Plaintiff through interrogatories and document requests.  ECF No. 62.  Defendant Stepp informed the Court that he had coordinated with the correctional center housing Plaintiff and arranged for a deposition to take place on August 15, 2024, pending the Court's approval.  *Id*.

This Court denied Plaintiff's motion for telephone access because many responses to Defendant's interrogatories and document requests were available to Plaintiff and did not require the use of a phone, and again ordered Plaintiff to comply with its prior July 2, 2024, Order to provide Defendants with all relevant discovery information currently available to him to the best

of his ability.  ECF No. 64.  This Court then advised Plaintiff for a third time that failure to do so "could result in the imposition of sanctions, including dismissal for failure to prosecute or comply with Court orders."  *Id.*

On July 29, 2024, Plaintiff responded, "to the best of [his] ability" to Defendant Exum's First Set of Interrogatories.  ECF No. 65.  Plaintiff acknowledged that the responses were "tentative" and that he knew Defendant Exum's "attorney would not be satisfied with the response."  *Id.*  Because Plaintiff's responses were, by his own admission, incomplete, and because Plaintiff filed no objection to Defendant' Stepp's motion to depose him, the Court granted Defendant Stepp's motion for leave to depose Plaintiff.  ECF No. 68.

On September 5, 2024, Defendant Exum filed the present motion to dismiss for failure to prosecute and failure to comply with Court orders.  ECF No. 71.  Defendant Exum informed this Court that Plaintiff refused to leave his cell to participate in the deposition.  ECF No. 72 and 72-1.  Plaintiff still has not produced his initial disclosures nor provided any response to Defendant's document requests.  ECF No. 72.  Defendant argues that the Court should dismiss Plaintiff's action with prejudice for willfully violating the Court's orders by failing respond to Defendant's discovery requests and failing to attend his deposition.  *Id.*  Plaintiff did not respond to Defendant Exum's motion to dismiss.

On September 30, 2024, the Court issued a Show Cause Order giving Plaintiff a final 14 days to respond to Defendant Exum's motion and explain why the case should not be dismissed.  ECF. No. 75.  Plaintiff has filed no response.

## DISCUSSION

Defendant requests that the Court dismiss Plaintiff's claims with prejudice pursuant to

Rules 37 and 41 of the Federal Rules of Civil Procedure. Rule 37 "authorizes the district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). Federal Rule of Civil Procedure 37(c)(1)(C) permits the court to impose sanctions, including dismissal of an action, for failure to provide information or identify a witness as required by Rule 26(a) or (e) on the motion of a party and after providing an opportunity to be heard. Fed.R.Civ.P. 37(c)(1)(C). Federal Rule of Civil Procedure 37(d) "allows the district court to, among other sanctions, dismiss an action if a party fails to appear for his or her deposition." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). "[N]o motion to compel is required before dismissal under Rule 37(d). *Id.*

Federal Rule of Civil Procedure 41(b) allows a district court to sanction a party, including the dismissal of its action with prejudice, for failure to comply with any order of court. *See Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 1999). Despite the breadth of this language, "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Id.* (citing *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)). Willful disobedience does not require a finding of bad faith but requires "only that [Plaintiff] acted intentionally as opposed to accidentally or involuntarily." *Hunt*, 204 F.3d at 527 (citing *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

A plaintiff's pro se status "does not excuse [him] from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*,

5

86 F.3d 852 (8th Cir. 1996); *Anderson v. Home Insurance Co.,* 724 F.2d 82, 84 (8th Cir. 1983). Where a court gives meaningful notice of what is expected of the pro se litigant, initially imposes less stringent sanctions when they fail to cooperate, and warns them that their failure to comply with subsequent orders will result in dismissal of their action, dismissal is proper. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam).

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). A district court, however, need not impose the least onerous sanction available, but the most appropriate under the circumstances. *Id.* When a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." *Id.*

In this case, the Court finds Plaintiff has willfully disregarded the Court's orders. This Court ordered Plaintiff on multiple occasions to provide Defendants with his initial disclosures and answers to Defendant's First Set of Interrogatories and First Set of Document Requests. While Plaintiff finally provided "tentative" and incomplete answers to Defendant's First Set of Interrogatories, he never provided his initial disclosures nor provided any response to Defendant's First Set of Document Requests. This Court therefore granted Defendant Stepp's request to depose Plaintiff, in part, to allow Defendant to obtain outstanding relevant and necessary information to defend this suit, file a motion for summary judgment, or prepare for trial. Plaintiff refused, however, to attend his deposition. Plaintiff did not request relief from the Court prior to refusing to attend, nor has he provided any explanation to the Court for his unwillingness to appear and comply with this Court's orders.

6

This Court has given Plaintiff multiple opportunities to comply with his discovery obligations and the Court's orders, including ordering Plaintiff one final time to respond to Defendant's motion to dismiss and provide an explanation or argument for why his claims should not be dismissed for failure to prosecute and failure to comply with the Court's orders. Plaintiff has not availed himself of these opportunities to respond to Defendant or the Court. A sanction is therefore appropriate for Plaintiff's failure to comply with this Court's orders.

As Plaintiff is proceeding in forma pauperis, a monetary sanction is meaningless and would not result in compliance with discovery requests and orders. *Poole v. Stubblefield*, No. 4:05cv1005 TCM, 2006 WL 1167784, at *3 (E.D. MO. May 2, 2006) (citing *Rodgers*, 135 F.3d at 1222). In this circumstance, therefore, dismissal is an appropriate sanction. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001) (affirming dismissal of an action against plaintiff who continued to refuse to cooperate with discovery after court order); *Rodgers*, 135 F.3d at 1222 (affirming dismissal of an action after finding that any lesser sanction would involve further delay or force opposing party to try the case without completing discovery). Dismissal is especially appropriate where, as here, Plaintiff has repeatedly denied Defendants the opportunity to conduct meaningful discovery and defend Plaintiff's claims.

Defendant's request for dismissal with prejudice is a request for an "extreme sanction." *Hunt*, 203 F.3d at 527. Four considerations inform the Court's decision on whether to dismiss with prejudice: (1) the Court's need to advance its docket; (2) the consequences of "irrevocably extinguishing the litigant's claim;" (3) the futility of lesser sanctions; and (4) the prejudice to the opposing party. *Id.* Although Plaintiff has willfully failed to comply with this Court's orders, Plaintiff nevertheless made at least one attempt to respond to Defendant's First Set of

7

Interrogatories.  A dismissal without prejudice is therefore the more appropriate sanction.

Although the motion to dismiss was filed only by Defendant Exum, the grounds for dismissal apply equally with respect to both Defendants.  Plaintiff failed to appear for the deposition noticed by Defendant Stepp, after this Court specifically permitted the deposition; Plaintiff has failed to provide his required disclosures; and Plaintiff has repeatedly failed to comply with this Court's orders.

### CONCLUSION

For the reasons set forth above,

 **IT IS HEREBY ORDERED** that the motion to dismiss filed by Defendant Exum, is **GRANTED**, as set forth above.  ECF No. 71.

**IT IS FURTHER ORDERED** that Plaintiff's claims against both Defendants will be **DISMISSED without prejudice** under Fed. R. Civ. P. Rules 37(d) and 41(b) for Plaintiff's failure to appear for his Court ordered deposition and his intentional and willful failure to comply with this Court's Orders.

**IT IS FURTHER ORDERED** that Defendant Exum's Motion to Compel Records (ECF No. 69), filed shortly before his Motion to Dismiss, is **DENIED as moot**.  ECF No. 69.


_Audrey G. Fleissig_
_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2024